IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES M. REUSS, ET AL

    Plaintiff(s),

v.

PENNSYLVANIA STATE POLICE, ET AL

    Defendant(s).

08cv0108
**ELECTRONICALLY FILED**

## Memorandum Order

This case was removed from state court by defendants. Plaintiffs originally brought a six count complaint against the Pennsylvania State Police, the Commonwealth of Pennsylvania, and three individual Pennsylvania State Troopers, alleging numerous intentional torts. On preliminary objections by defendants, the state court sustained the preliminary objections stating that the claims could not proceed because of the applicability of the doctrine of sovereign immunity, because there is no private cause of action for money damages for violation of state constitutional rights, and because plaintiffs could not state a claim for civil conspiracy. As part of the order on the preliminary objections, the state court dismissed the complaint, while allowing plaintiffs 20 days to file an amended complaint specifically pleading a claim under 42 U.S.C. § 1983.

Instead of narrowing the issues by raising any claims for federal constitutional/civil rights violations under § 1983 against the individual officers, plaintiffs filed an amended complaint alleging the same intentional torts, but added a negligence action as well. Defendants then removed this case to this Court.

Pending before this Court are defendants' motion to dismiss numerous claims and a

motion to strike (doc. no. 3) plaintiffs' request for punitive damages.

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed if the factual allegations raise a right to relief "above the speculative level." *Bell Atlantic Corporation v. Twombly*, __ U.S. __, 127 S.Ct. 1955 (2007).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987). As the United States Court of Appeals for the Third Circuit explained:

> A Rule 12(b)(6) motion will be granted "'if it appears to a certainty that no relief could be granted under any set of facts which could be proved.'" *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (quoting *D.P. Enter. Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1984)). We must accept all factual allegations in [plaintiff's] complaint as true, but we are not compelled to accept "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

*Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007).

Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S.

2

506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

To the extent that plaintiffs raise the same claims that have already been dismissed by the state court (all claims except the claims set forth under 42 U.S.C. § 1983 against the individual defendants), said claims are again dismissed as being consistent with "the law of the case." *Hamilton v. Leavy*, 322 F.3d 776, 786 (3d Cir. 2003) ("The law of the case doctrine limits relitigation of an issue once it has been decided in an earlier state of the same litigation.") This Court will not act as an appeals court for plaintiffs to relitigate issues already ruled upon by the state court.[1]

Accordingly, all Pennsylvania common law claims against the governmental entities for intentional torts (i.e., assault and battery, intentional infliction of emotional distress, civil conspiracy, false arrest, invasion of privacy) are dismissed under the law of the case doctrine because, under Pennsylvania law, governmental entities are immune from liability for intentional torts.[2]

Finally, to the extent plaintiffs make a claim for punitive damages against the governmental entities, said motion to strike is GRANTED IN PART because punitive damages claims against the governmental entities are not available. However, the individual officers may

---

[1]Although not technically barred by the law of the case, plaintiffs new negligence claims are also dismissed based upon immunity under the Pennsylvania Subdivision Tort Claims Act. 42 Pa.C.S. § 8522.

[2]Furthermore, the Commonwealth, Pennsylvania State Police and the State Troopers acting in their official capacities enjoy sovereign immunity under the Eleventh Amendment. Accordingly, no section 1983 claim against these defendants can be made. *See Baxter v. Gander Mountain Corp.,* 2006 WL 3455074 (W.D. Pa. 2006).

3

still be vulnerable for a section 1983 violation if plaintiffs properly allege facts that prove the individuals knowingly and maliciously deprived plaintiffs of their civil rights. (*See Saverese v. Agriss*, 883 F.2d 1194, 1204 (3d Cir. 1989))(for a plaintiff to qualify for a punitive damages award in a section 1983 action, defendant's conduct must be at a minimum reckless or callous.)

Plaintiffs are hereby granted leave to amend their complaint to specifically allege civil rights violations under section 1983 against the individual defendants in their individual capacities (such as a claim for excessive force), and, if applicable, to allege a punitive damages claim against the individual defendants. The remaining counts are dismissed with prejudice.

For these reasons, defendants' partial motion to dismiss is GRANTED, and defendants' motion to strike is GRANTED in PART. Plaintiffs shall file an amended complaint clearly setting forth their claims, if any, under section 1983, on or before February 26, 2008.

SO ORDERED this 19th day of February, 2008.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties