IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


JAMES M. REUSS, ET AL

      Plaintiff(s),                       08cv0108

                                          **ELECTRONICALLY FILED**

  v.

PENNSYLVANIA STATE POLICE, ET AL

      Defendant(s).

### **Memorandum Order**

Pending before this Court is defendants' partial motion to dismiss the intentional tort claims and the civil conspiracy claims against the individual officers, a motion for a more definite statement (doc. no. 19), and plaintiff's response thereto (doc. no. 23).[1]

Defendants argue that they are entitled to sovereign immunity from the state law claims and note that Pennsylvania courts have consistently held that sovereign immunity applies when a plaintiff asserts claims sounding in intentional tort against Commonwealth parties. *Martz v. Southeastern Pa. Transp. Auth.*, 598 A.2d 580 (Pa. Cmwlth. 1991); see also, *Shoop v. Dauphin County, Lynch v. Johnson,* 766 F. Supp. 1327 (M.D. Pa. 1991).  Individual employees are also entitled to sovereign immunity for actions taken within the scope of their employment, *Yakowicz v. McDermott*, 548 A.2d 1330 (Pa. Cmwlth. 1988), and there is no dispute in this case that the individual officers were acting within the scope of their employment.

However, 42 PA. CON. STAT. §8550 provides an exception to the rule of sovereign immunity.  Section 8550 authorizes actions against employees of "local agencies" for their "willful misconduct."  Here, the remaining defendants are employees of the Commonwealth as

---

[1]The Court, in its prior Order on the first motion to dismiss (doc. no. 9) set forth the procedural and factual history of this case.  The Court will not recount it here.

state troopers, and thus, this exception to sovereign immunity under Section 8550 does not apply. *Heinly v. Queen,* 146 F.R.D. 102, 109-110 (E.D. Pa. 1993).

In *La Frankie v. Miklich,* the Pennsylvania Commonwealth Court held that sovereign immunity applies to an intentional tort claim against a state trooper for claims arising from an arrest, where the plaintiff averred in the complaint that the trooper was acting within the scope of his employment. 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992). As in *La Frankie*, plaintiff has admitted that the state troopers made these arrests while in the scope of their jobs and therefore, the inquiry ends there.[2] For these reasons, and for the reasons stated in this Court's prior Order on the motion to dismiss, plaintiff's intentional state law claims (including his claim for civil conspiracy) will be DISMISSED.

Finally, plaintiff also seeks an extension to file a second amended complaint. The Court will give plaintiff an additional 20 days to file a second amended complaint.[3] No further extensions will be granted. Plaintiff shall file the second amended complaint on or before April 21, 2008. Plaintiff's motion for extension (doc. no. 23) is therefore GRANTED.

---

[2]Furthermore, plaintiff's argument that a "special relationship" existed between themselves and the police is unavailing.

[3]Defendants' motion for a more definite statement under Fed. R. Civ. P. 12(e) is denied.

Defendants' partial motion to dismiss the intentional tort claims and the civil conspiracy claims against the individual officers, and the motion for a more definite statement (doc. no. 19) is GRANTED IN PART and DENIED IN PART.

SO ORDERED this 28th day of March, 2008.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All Registered ECF Counsel and Parties