IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES M. REUSS, ET AL

    Plaintiff(s),                       08cv0108
                                          **ELECTRONICALLY FILED**

    v.

PENNSYLVANIA STATE POLICE, ET AL

    Defendant(s).

## Memorandum Order

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiffs originally brought a six count complaint against the Pennsylvania State Police, the Commonwealth of Pennsylvania, and three individual Pennsylvania State Troopers, alleging numerous intentional torts in state court. This case was subsequently removed by defendants and after two motions to dismiss and the dismissal of numerous state law claims by this Court, the claims were ordered to be narrowed to set forth only federal constitutional claims.[1]

Plaintiffs allege claims for false arrest, malicious prosecution, and excessive force stemming from an incident which occurred at the Greensburg State Police barracks. Although the parties offer differing versions of the facts, it is undisputed that plaintiffs had contacted the State Police early in the day to report a theft which occurred at their business, and when defendants failed to conduct what plaintiffs would have considered an adequate investigation of the theft, plaintiffs attempted to report the incident in person at the barracks, at which time, an

---

[1] It appears from the docket that plaintiffs were ordered to file a second amended complaint by April 21, 2008, but plaintiffs failed to do so. Defendants subsequently answered the first amended complaint. Nonetheless, the only remaining claims are brought under 42 U.S.C. § 1983 for violations of plaintiffs' civil rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

altercation ensued in the lobby of the barracks between the state police and the plaintiffs. Ultimately, both plaintiffs were detained and arrested. Plaintiff-husband was charged with disorderly conduct, resisting arrest, aggravated assault, simple assault and harassment and was detained for a day, and plaintiff-wife was charged with summary disorderly conduct and was released after several hours. The charges against wife-plaintiff ultimately resulted in a not guilty adjudication. The criminal trial of plaintiff-husband is tentatively scheduled to commence this Fall in the Court of Common Pleas of Westmoreland County. While plaintiffs allege that the officers threatened them and assaulted them without provocation, thereby resulting in bodily injury, the officers obviously dispute those contentions and argue that plaintiffs attempted to assault the officers in the lobby of the Greensburg Barracks.

Pending before this Court is defendants' motion for summary judgment (doc. no. 39), and plaintiffs' response thereto (doc. no. 45). In support thereof, defendants argue that plaintiffs can not establish that they were arrested without probable cause or that excessive force was used, that defendants are entitled to qualified immunity, that plaintiffs were not denied access to the courts, and that plaintiffs claims for violation of their Fifth Amendment Rights must be dismissed.

"Rule 56 of the Federal Rules of Civil Procedure 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Marten v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Summary judgment is appropriate "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law." *Woodside v. Sch. Dist. of Philadelphia Bd. of Educ.*, 248 F.3d 129, 130 (3d Cir. 2001), quoting *Foehl v. United States*, 238 F.3d 474, 477 (3d Cir. 2001) (citations omitted). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); see also *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) ("A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof."), citing *Anderson* and *Celotex Corp.*.

In deciding a summary judgment motion, a court must view the facts in the light most favorable to, draw all reasonable inferences, and resolve all doubts, in favor of the nonmoving party. *Doe v. County of Centre, PA*, 242 F.3d 437, 446 (3d Cir. 2001); *Woodside*, 248 F.3d at 130; *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 151 (3d Cir. 1999). Further, the court must not engage in credibility determinations at the summary judgment stage. *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998), quoting *Fuentes v. Perskie*, 32 F.3d 759, 762 n.1 (3d Cir. 1994).

After careful consideration, and viewing plaintiffs' version of the fact in the light most favorable to them, and drawing all reasonable inference in their favor, the Court finds that there are genuine disputes of material facts that preclude a ruling of summary judgment with respect to whether plaintiffs were arrested without probable cause and whether excessive force was used.[2]

The next question is whether defendants are entitled to qualified immunity. In analyzing

---

[2]Should plaintiff-husband be convicted on the criminal charges, defendants could raise anew the issue of false arrest. *Heck v. Humphries*, 512 U.S. 477 (1994).

qualified immunity claims for a police officer's violation of a constitutional right, the Court must apply a two-step inquiry. *Scott v. Harris*, --- U.S. ----, 127 S.Ct. 1769, 1774, 167 L.Ed.2d 686 (2007); *see also Saucier v. Katz*, 533 U.S. 194, 200-01, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). In *Scott*, the United States Supreme Court set forth the first question: "'Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry.'" *Scott*, 127 S.Ct. at 1774 (quoting *Saucier*, 533 U.S. at 201). "If, and only if, the court finds a violation of a constitutional right, 'the next, sequential step is to ask whether the right was clearly established ... in light of the specific context of the case.'" *Id.*

After conducting the above analysis, this Court finds that the defendants are not entitled to qualified immunity for their alleged actions. When viewing the factual allegations in the light most favorable to plaintiffs, this Court cannot say as a matter of law that the level of force used by the officers was objectively reasonable under the circumstances, or that probable cause for the arrests existed. Like the excessive force analysis, the issue of qualified immunity turns on the reasonableness of the officers' actions. *See Faust v. Clee*, 2006 WL 3025960 (E.D. Pa. 2006). Obviously, if the plaintiffs version of the facts is believed, the jury could find that the officers' actions were unreasonable, that the arrests were made without probable cause, and that the use of force was unreasonable under the circumstances.

As to plaintiffs' claim that they were denied access to the court, the Court will grant defendant's motion for summary judgment. The purpose of recognizing a claim for constitutional right of access to the court "is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher v. Harbury*, 536 U.S. 403,

4

414-415 (2002). In order to bring a successful claim for denial of access to the courts, a plaintiff must demonstrate injury and must allege (1) a valid underlying cause of action separate from the right of access claim; and (2) frustration or hindrance of the litigation caused by the public official. *Id.*

Plaintiffs contend that they were denied access to the court due to defendants fabricated account of the incident on the basis that plaintiffs attempted to file charges for assault against the defendant Troopers but the District Attorney of Westmoreland County refused to accept those charges. Plaintiffs appear to criticize the District Attorney's exercise of his prosecutorial discretion.

In their brief in opposition to summary judgment, plaintiffs devote only one sentence with no citation to the record, to support their claim for denial of access to the court. Plaintiffs point to no evidence to support their accusations that defendants in any way frustrated their right of access to the courts and they cite no case to support this unique factual scenario. Accordingly, this Court will grant defendants' motion for summary judgment on plaintiffs' claim for denial of access to the court.

Finally, as to defendants' motion for summary judgment on plaintiffs' claims for violation of their Fifth Amendment Rights, said motion will be granted. As defendants correctly note, in their amended complaint, plaintiff do not articulate specifically what right under the Fifth Amendment they claim was violated. In their response to the motion for summary judgment, plaintiffs now set forth a one sentence argument that they "lost valuable property rights in the nature of business contracts as submitted to the Court in the previous settlement conferences." Doc. No. 46 at p. 15. These facts, even when viewed in the light most favorable to plaintiffs, do

5

no support a substantive due process claim. Moreover, the substantive due process claim will be dismissed under the most precise claim doctrine, as enunciated by the United States Supreme Court in *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998): "[I]f a constitutional claim is covered by a specific constitutional provision, it must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."

In this case, plaintiffs claims essentially boil down to claims under the Fourth Amendment. To the extent plaintiff have attempted to make a substantive due process claim based upon lost business contracts, this claim will be dismissed as without merit.[3]

Accordingly, for the reasons set forth herein above, defendants' motion for summary judgment (doc. no. 39) will be GRANTED as to plaintiffs' claims for right of access to the court and plaintiffs claims for Fifth Amendment violations, and will be DENIED as to plaintiffs' Section 1983 claims under the Fourth Amendment for lack of probable cause and excessive force.

SO ORDERED this 9th day of September, 2008.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:  All Registered ECF Counsel and Parties

---

[3] Plaintiffs claims for lost business profits could potentially be an item of damages on their Fourth Amendment claims, subject to evidentiary rulings on admissibility.