IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES M. REUSS, ET AL

    Plaintiff(s),                    08cv0108
                                     **ELECTRONICALLY FILED**

    v.

PENNSYLVANIA STATE POLICE, ET AL

    Defendant(s).

**ORDER OF COURT RELATING TO DEFENDANTS' MOTIONS IN LIMINE
(DOC. NOS. 62, 64, AND 65)**

After consideration of defendants' three (3) Motions in Limine (doc. nos. 62, 64 and 65), and opposition thereto (doc. nos. 79, 81 and 83), said Motions will be GRANTED IN PART and DENIED IN PART:

1. Plaintiffs are precluded from offering any opinion testimony by expert(s) not contained in an expert report(s) served in a timely manner consistent with the Case Management Order(s) of this Court. To the extent that any such timely served expert report exists, said testimony must conform to Federal Rules of Evidence 702.

2. Plaintiffs are precluded from offering any opinion testimony by lay witnesses (including plaintiffs themselves) which does not conform to Federal Rules of Evidence 701. Said opinion testimony by lay witnesses (if any) may not serve as "opinion testimony by expert(s)."

3. Any testimony relating to future lost business profits, based upon actual past business and actual past profit margins, supported by documentary evidence, is admissible. However, any testimony concerning all other alleged lost "future"

business profit from any alleged transaction that "might" have occurred (but for the alleged incident), or based upon non-historic profit margins, is precluded, not based upon reasonable certainty and not reasonably foreseeable. *See Brisbin v. Superior Valve Co.*, 398 F.3d 279, 289 (3d Cir. 2005)(lost profits are not recoverable when they are speculative; rather there must be evidence to establish the damages with reasonable certainty, that the damages were the proximate consequence of the wrong, and that the damages were reasonably foreseeable); *see also*, *Fedorczyk v. Carribean Cruise Line, Ltd.*, 82 F.3d 69, 75 (3d Cir. 1996)(expert opinions may not be based upon speculation or conjecture).

4. Plaintiffs are precluded from offering any evidence or argument relating to any alleged wrongdoing by any members of the Pennsylvania State Police other than the named defendants.

5. Plaintiff may not offer general "good character" or "truthfulness" testimony until and unless their respective character is placed into issue (if at all) by defendants. *See Renda v. King,* 347 F.3d 550, 553 (3d Cir. 2003)(evidence of a witness's good character for truthfulness is not admissible absent an attack on the witness's character for truthfulness due to the cost of engaging in a fruitless "swearing match," particularly in light of the fact that a witness is presumed to tell the truth until his character for truthfulness is attacked); *See also*, *Keene v. Sears, Roebuck & Co.*, 2007 WL 2572366 (D.N.J. 2007), citing Fed. R. Evid. 404(a) ("[e]vidence to prove a person's character or trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion.").

Other than as set forth above, said Motions (doc. nos. 62, 64, and 65) are DENIED.

**SO ORDERED** this 1st day of October, 2008.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties

Dante G. Bertani
Office of the Public Defender
2 North Main Street
Greensburg, PA 15601